El Pueblo de Puerto Rico, demandante y apelante, *v.* United Theaters, Inc., Rafael Ramos Cobián, Eduardo González, Julio Bruno, Charles Graham, Pedro Gelabert, Etc., demandados y apelados.

Núm. 7257.—*Sometido:* Febrero 10, 1939. *Resuelto:* Abril 25, 1939.

*Hon. Procurador General B. Fernández García* y *E. Córdova Díaz, Procurador General Auxiliar,* abogados del apelante; *Brown, González & Newsom,* abogados de los apelados United Theaters, Inc., Ramos Cobián, González, Bruno y Graham; *Luis Tirado Géigel,* abogado del apelado Gelabert; *James R. Beverley* y *J. López Baralt,* abogados de las apeladas Paramount Films, Inc., United Artists Corporation of Puerto Rico, Metro Goldwyn Mayer of Puerto Rico, y Fox Film Corporation.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El Pueblo de Puerto Rico radicó la demanda de este caso en la Corte de Distrito de San Juan en solicitud de un *injunction* contra los demandados, basando su acción en la "Ley para Proteger el Comercio contra Coacciones y Monopolios", aprobada en 14 de marzo de 1907 (Comp. 1911, pág. 483). Impugnaron los demandados la jurisdicción de la corte de distrito, alegando que la ley en cuestión era inconstitucional por legislar acerca de una materia sobre la cual tiene jurisdicción exclusiva el Congreso de los Estados Unidos, habiendo ya legislado sobre ella en la ley denominada "Sherman Anti-Trust Act", de 1890, en la posterior, conocida por "The Clayton Act", de 1914, y en otras más recientes que

la suplementan, en ninguna de las cuales se confiere jurisdicción a los tribunales insulares para conocer de dicha materia. Después de varios incidentes que no es necesario relatar a los fines de esta opinión, la corte inferior dictó sentencia, el 13 de diciembre de 1935, desestimando la demanda de *injunction* por carecer de jurisdicción para conocer del caso y fundó su sentencia en la jurisprudencia establecida en el caso de *United Theatres, Inc.* v. *Corte,* 47 D.P.R. 725. Fué esta sentencia la que motivó el presente recurso, establecido por El Pueblo de Puerto Rico.

Los apelados presentaron sendas mociones solicitando la desestimación del recurso por frívolo. Se celebró la vista de dichas mociones el 15 de febrero de 1937, pero a petición del Pueblo de Puerto Rico, que anunció haber solicitado en la Corte Suprema de los Estados Unidos la expedición de un auto de *certiorari* para revisar la sentencia de la Corte de Circuito de Apelaciones del Primer Circuito en el caso de *Puerto Rico* v. *Shell Co.,* 86 F. (2d) 577, que envolvía exactamente la misma cuestión que el de autos, se suspendió la resolución de la moción de desestimación hasta tanto el Tribunal Supremo de los Estados Unidos dictase la suya en el indicado caso. El 7 de febrero de 1938 este tribunal, con vista de la jurisprudencia establecida en el caso de *El Pueblo* v. *Shell Co.,* 302 U. S. 253, denegó la moción de los apelados interesando la desestimación de este recurso por frívolo, y el 26 del mismo mes señaló la vista del pleito en su fondo para el 19 de abril siguiente, señalamiento que quedó sin efecto por estipulación de las partes presentada el 18 de dicho mes. Señalado nuevamente para el día 10 de febrero último, se llevó a efecto la vista con la sola asistencia de El Pueblo de Puerto Rico, representado por su letrado E. Córdova Díaz. El día antes de la vista la apelada, United Theatres, Inc., invocando el caso de *Shell Co.,* supra, radicó una moción allanándose a la revocación de la sentencia y solicitando que se devolviese el caso a la corte inferior para ulteriores procedimientos.

En justicia al juez de la corte inferior debemos consignar que interpretó y aplicó correctamente la jurisprudencia de este tribunal establecida en el caso de *United Theaters, Inc.* v. *Corte,* supra, pero habiendo resuelto la Corte Suprema de Estados Unidos con posterioridad a la sentencia apelada el de *Puerto Rico* v. *Shell,* supra, sosteniendo la facultad de nuestra Asamblea Legislativa para aprobar la ley local impugnada, y que la misma es constitucional y subsiste independientemente de la Ley Federal denominada "Sherman Anti-Trust Act", que también es aplicable a Puerto Rico, claro es que el de *United Theatres, Inc.* v. *Corte,* que sirvió de base a la sentencia apelada quedó revocado, y siendo ello así *procede revocar la sentencia apelada y devolver el caso a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*